The Vance & Jones Co., Edward F. Bryant, Receiver, J. N. Vance, H. E. Vance and J. C. Riheldaffer v. W. B. Bentley and J. T. Olmstead.

1. CORPORATIONS—*Guarantors of Indebtedness, are Creditors.*—Parties who personally guarantee the payment of the debts of an incorporated company are entitled to a standing in a court of equity as creditors.

2. SAME—*When They May Purchase Their Own Stock.*—A corporation may purchase its own stock, provided the rights of creditors are not affected, but in equity such a transaction may be impeached if it operates to the injury of creditors.

3. SAME—*Can Not Issue Stock with Secret Understanding to Buy it Back.*—A contract between a corporation at the time of its organization and one of its stockholders, that stock shall be issued to him, with a secret agreement by the corporation that it will purchase the stock back from him at any time after two years and pay a premium for the same, besides paying a dividend in the meantime, will not be enforced in a court of equity as against the creditors of such corporation.

**Bill to Wind Up the Affairs of a Corporation.**—Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Reversed and remanded with directions. Opinion filed December 4, 1900.

WILSON, MOORE & McILVAINE, attorneys for appellants.

I. M. EARLE and SAMSON & WILCOX, solicitors for appellees.

MR. JUSTICE HORTON delivered the opinion of the court.

This proceeding was commenced by bill in chancery filed February 1, 1898, to wind up the business of the Vance & Jones Company. A receiver was appointed and it appears that said company is and was at the time such bill was filed and receiver appointed, insolvent and unable to pay its creditors in full. The receiver was, by order of court, directed to advertise for claims against said company and did so. Among the claims filed with said receiver was one by the appellees. Upon a report by the receiver giving a list of claims filed, it was ordered by the court, May 12, 1898, that all such claims be allowed except such as to which objections should be filed within ten days. To the claim of appellees objections were filed within the time limited by Vance Shoe Company, J. N. Vance, H. E. Vance and J. C. Riheldaffer, all of them parties to this suit and stockholders in the appellant' Vance & Jones Company. July 13, 1898, the claim of appellees (with other claims) with the objections thereto, were referred to a master in chancery to take proofs and report. Said objectors had personally guaranteed the payment in full of a large part of the indebtedness of the Vance & Jones Company and claim to be creditors of that company for a large amount.

It is contended by appellees that the Vance & Jones Company, before it had contracted any of its indebtedness outstanding at the time said bill was filed, agreed to purchase the stock in said company held by appellees (it being preferred stock), at the end of two years from January 16, 1894, and pay to appellees therefor the par value and ten per cent premium, and guaranteed that said company would in the meantime, pay dividends upon such stock at the rate of eight per cent per annum.

Counsel for both parties present arguments upon the theory that such an agreement was made. We need not, therefore, examine the testimony tending to show that there was such an agreement.

The master, in his report to the court, said that, in his opinion, appellees having held themselves out to the world as stockholders, are estopped as to creditors from taking any other position, and that they should be treated as stockholders in every respect. To this report exceptions were filed by appellees.

Before the bill was filed in this case appellees had purchased goods from the Vance & Jones Company to the amount of $3,001.80. The court below sustained appellees' exceptions to the master's report and by final order or decree allowed the claim of appellees for the sum of $2,937.45. As we understand from the record, such claim was allowed upon the theory that appellees are entitled, as against the creditors of said company, to enforce said contract for the repurchase by the Vance & Jones Company of its stock, held by appellees. The sum allowed is determined by allowing to appellees the par value of said stock and ten per cent premium thereon with interest, and then deducting from the amount thus ascertained the sum due from appellees to the Vance & Jones Company for goods purchased, as stated.

In the view we entertain it is unnecessary to here refer in detail to the facts bearing upon the numerous other questions presented by the record and the briefs of counsel.

The exceptions of appellees to the master's report should not have been sustained and the claim of appellees should have been disallowed.

The question here presented is settled by the decision in the case of Clapp v. Peterson, 104 Ill. 26. As there stated, a corporation may purchase its own stock, under the conditions named, provided the rights of creditors are not affected. Also, in equity, such a transaction might be impeached if it operated to the injury of creditors.

To this, counsel for appellees say the rule laid down in that case does not apply where the transaction is fair and just and without fraud, and where there were, at the time, no creditors of the corporation. The cases of Commercial National Bank v. Burch, 141 Ill. 519, and Coleman v. Howe,

154 Ill. 473, cited by counsel for appellees, may seem, at first blush, to sustain that theory. It may not be *ultra vires*, as between a corporation and one of its stockholders, for the corporation to purchase from the holder, his stock. But the same transaction may be, in effect, *ultra vires*, as between a creditor of the corporation and such stockholder.

Counsel for appellees discuss this question as though there had, in fact, been a sale of their stock by the appellees to the corporation. But that is not the fact. There had been an agreement that the company would purchase such stock, after a fixed time, if requested so to do. But no sale had been made. Appellees were in fact stockholders, and held the stock to which said agreement related, at the time the receiver was appointed. The contention of counsel for appellees is, in effect, that a corporation may, at the time of its organization, issue stock to one of its stockholders, with a secret agreement by the company that it will purchase that stock from the stockholder at any time after two years, at the election of such stockholder, and pay therefor ten per cent premium besides paying a dividend of eight per cent in the meantime, and that such agreement will be enforced in a court of equity as against creditors of such corporation. If such a contract may be made with, and enforced by, one stockholder, it may be with all. A corporation might then, at the time of its organization, make such a contract with each of its stockholders, and in case of financial distress the stockholders could, as against creditors, step in and take the assets and receive a premium of ten per cent for so doing, after having received eight per cent dividends in the meantime. The law will not sustain any such position.

As to some of the objectors, if not to all, the agreement with appellees for the purchase of their stock was secret and unknown.

But it is contended that the objectors were not creditors and that therefore the court below was right in overruling their objections. By reference to the supplemental record we find that two of the objectors, viz., the Vance Shoe

Company and J. N. Vance, were creditors, and that their claims were allowed without objection. It also appears that said objectors had guaranteed the payment of a large part of the indebtedness of the Vance & Jones Company. Not only were two of the objectors legal creditors and therefore entitled to file such objections, but all of them are entitled to a standing in a court of equity as creditors.

It is not deemed necessary to consider at length the numerous other points presented by the briefs in this case. Those which we have considered are fatal to the claim of appellees.

The decree of the Circuit Court allowing and sustaining the claim of appellees will be reversed and the cause remanded with directions to take such steps and enter such orders as may be necessary and proper to conform the orders, decrees and proceedings in this cause to the views here expressed.

Reversed and remanded with directions.